**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: Sara Garcia De Alba | ) | Case No. |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| | ) | **Judge:** |
| v. | ) | |
| | ) | **Magistrate Judge:** |
| | ) | |
| | ) | July Demand Requested |
| | ) | |
| Wakefield and Associates, | ) | |
| 10800 East Bethany Road | ) | |
| Auroroa, CO 80014 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

## **INTRODUCTION**

1. Plaintiff, Sara Garcia De Alba, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Wakefield and Associates (hereinafter "Wakefield").; Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

3. Under 15 U.S.C. Section 1692d(6), a Debt collector must give a meaningful disclosure of its identity. "Meaningful disclosure" means, according to all caselaw, identifying that the caller is a debt collector, revealing who the debt collector is, and stating that "this is an attempt to collect a debt and any information will be used for this purpose."

*Hutton* v. *C.B. Accounts, Inc.*, No. 10-3052 2010 U.S. Dist. LEXIS 77881, * 8 (N.D. Ill. Aug. 3, 2010) *Pawelczak* v. *Nations Recovery Ctr., Inc.* 11-cv-3700 (N.D. Ill., 2012)

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff, Sara Garcia De Alba (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois
8. Defendant, Wakefield ("Defendant"), is an Indiana business entity with an address of 10800 East Bethany Road, Aurora, IL operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
9. Unless otherwise stated herein, the term "Defendant" shall refer to Wakefield.
10. At some point, the original creditor, transferred this debt to Defendant for debt collection.
11. The type of debt being collected upon was for a student loan.

## ALLEGATIONS

12. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") for student loans
13. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to

Debt.

14. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
15. Throughout August, 2019, Defendant left numerous voicemails for Plaintiff.
16. Not one of these Voice Mails left b does not state that "this is an attempt to collect a debt and any information will be used for that purpose."
17. By failing to give the information above clearly, and not stating it was an attempt to collect a debt, Defendant did not give meaningful disclosure of its identity and violated 15 U.S.C. Section 1692d(7).

## STANDING AND INJURY

18. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
19. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff